Leo B. and Ora D. Wolfe v. Commissioner.
Wolfe v. Commissioner
Docket Nos. 50802, 54155.
United States Tax Court
T.C. Memo 1955-198; 1955 Tax Ct. Memo LEXIS 139; 14 T.C.M. (CCH) 791; T.C.M. (RIA) 55198; July 20, 1955
*139 John C. Calhoun, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined a deficiency of $281.10 in income tax for 1950 and one of $340.95 for 1951. The issue for decision is stipulated to be whether petitioners' distributive share of partnership income out of a hotel business is to be increased by the amount of $1,100 for the cost of board and lodging furnished petitioners. [Findings of Fact] All of the facts have been stipulated. Petitioners are husband and wife, having their residence in Chincoteague, Virginia. They filed their Federal income tax returns for the calendar years 1950 and 1951 with the collector of internal revenue for the district of Virginia. In 1950 and 1951, the Hotel Russell was a partnership composed of petitioners and H. Warren and Pauline Conant. The hotel was open to receive guests 24 hours a day every day of the year. Petitioners were co-managers of the hotel and, as such, were required to be on duty or readily available 24 hours of the day for the comfort and convenience of the guests. In order to be so available, it was necessary for petitioners to reside and board *140 in the hotel, in accordance with the agreement of the partners. No accounting was made in the partnership accounts for the value of petitioners' board and lodging. The partnership, in the computation of net income for its Federal income tax returns for the years 1950 and 1951, deducted all costs and expenses without eliminating any amounts to represent the cost of board and lodging furnished petitioners. The partnership also reduced its gross receipts by $1,100, the cost of board and lodging furnished petitioners. In the statement accompanying the deficiency notice for 1950 the following appears: "It is held that the estimated cost of meals and lodging furnished you by the Hotel Russell in the amount of $1,100.00, constitutes taxable income." In the statement accompanying the deficiency notice for 1951 the following appears: "Your contentions that the income of the partnership, Hotel Russell, should not be increased by reason of an adjustment for the cost of meals and lodging furnished you have been denied. "ADJUSTMENTS TO NET INCOME "Net Income as disclosed by
return
$3,443.88
(a) Partnership Income
1,100.00
Net Income adjusted
$4,543.88"
[Opinion] *141 Petitioners contend that the effect of respondent's action is to tax to them as income, the cost of board and lodging furnished them by the partnership contrary to our holding in . In that case we stated the broad question to be "whether all or any part of the value of the meals and lodging which the petitioner had at the Castle Hotel represents income to him." We held that it did not. The facts in the Papineau case and in the case before us are indeed similar, with one exception. In Papineau, as here, the partnership in computing its income deducted all costs and expenses without eliminating any amounts to represent the cost of board and lodging furnished petitioners. Here, however, the partnership also reduced its gross receipts by $1,100, the cost of the board and lodging furnished petitioners. Had this latter step not been taken, the holding in Papineau would certainly govern here. Respondent contends that by taking this step the partnership gets the benefit of a double deduction in computing its net income, i.e., by deducting all costs and expenses in computing its net income and then also reducing its gross receipts by the cost *142 of the board and lodging furnished petitioners, and that all respondent has done here is to disallow the double deduction in line with the admonition in the Papineau case that "The correction logically must be a disallowance of the improper reduction." We think respondent has done more than he claims to have done. He has not simply adjusted the partnership's distributable income. There were other partners in addition to petitioners. So far as the facts show no adjustment was made in the distributive shares of the other partners. What respondent has done is add to petitioners' income in each of the taxable years the sum of $1,100, i.e., the stipulated cost in each year of the board and lodging furnished to petitioners. This has the net effect of treating as taxable income to petitioners the meals and lodging had by them at the hotel. Under the Papineau case this cannot be done and we decide for petitioners on its authority. See Everett Doak, 24 T.C. - (filed June 30, 1955). It may be that in computing the partnership income respondent should not have permitted the so-called "double deductions." But that issue is not before us. As pointed out above, the issue before us has been stipulated. *143 We think respondent erred in increasing petitioners' share of the partnership income by the full cost of their food and lodging with the above described effect. Decisions will be entered for the petitioners.